In the Matter of the Application of ALEXANDER ROBINTON, as Chairman of the Democratic County Committee of Herkimer County, N. Y., Petitioner, for an Order Directing that a Certain Knob upon Voting Machines to Be Used in Herkimer County in the Democratic Column Be Unlocked.

Supreme Court, Herkimer County, October 30, 1926.

**Elections — voting machines — first knob in row over blank space ordered unlocked.**

The application of the chairman of the Democratic county committee of Herkimer county, under section 330 of the Election Law, for an order directing that the knob or lever in the first or Democratic column at the voting space known or designated as 9-A on each voting machine, which space is blank, no candidate's name appearing thereon, should be unlocked, is granted, since it is evident that if the first knob on the machine were locked the voters would be hindered and prejudiced in the exercise of their right of selection of candidates.

RETURN of order to show cause granted by Mr. Justice IRVING R. DEVENDORF on the 29th day of October, 1926, returnable this date at eleven A. M.

*Richard B. Conley*, for the petitioner.

*James P. O'Donnell*, for the respondents Election Commissioners of Herkimer County, N. Y.

LARKIN, J.   This proceeding was instituted by the petitioner, as chairman of the Democratic county committee of Herkimer county, and the object sought is the unlocking of the knob or lever in the first or Democratic column at the voting space known or designated as 9-A on each voting machine, which space is blank, no candidate's name appearing thereon.

The election commissioners of Herkimer county have not appeared upon the return of this order to show cause, although they did appear in opposition by attorney before Mr. Justice DEVENDORF at the time the order to show cause was granted.

It is contended on the part of the petitioner, who is an aggrieved party within the provisions of section 330 of the Election Law, as the representative of his party organization, that the locking of the knob or lever in question would be followed by serious loss of votes to various candidates whose names appear after the knob or lever in question, either on the vertical or horizontal machines.

The moving papers show without dispute that the election commissioners of other counties in this judicial district have permitted the knob or lever in question to remain unlocked.

Section 330 of the Election Law (as amd. by Laws of 1924, chap. 405), in so far as it applies to this proceeding, reads as follows:

" The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require. * * *

" (3). The form and contents of official ballots, including ballots upon voting machines, and the right to the use of any emblem or color, in a proceeding instituted by any candidate aggrieved or by the chairman of any committee as defined in section two."

This court is, therefore, commanded to determine such questions of law or of fact as may be presented, to construe the statute liberally, and make such order as justice may require.

It is also a command of the statute that voting machines must be properly prepared and placed in proper condition and order for use at elections.   (Election Law, § 251, as amd. by Laws of 1925, chap. 512.)

A voting machine is not in proper condition if there is anything about it which in any way serves to impede or obstruct the honest, intelligent and complete wish of the voter.   A voting machine is not in daily use, its service is confined and restricted to election days, and the voter is entitled as a matter of right to have a voting machine free of any obstruction which may in any possible way obstruct or interfere with the exercise of his or her right of suffrage.

Misc. 163]              Supreme Court, October, 1926.

The right of suffrage under our form of government is inviolate and every protection should be thrown about the free and proper exercise of that right within the power of the court.

No needful or useful purpose can be spelled out of the locking of the knob or lever in question. Certainly no harm may be anticipated or even suggested in the unlocking of the knob or lever.

The court may take judicial notice of the mechanical means or operation whereby a voter records his choice of candidates on a voting machine. Common knowledge and experience guides one in the actual method of voting. Voters of learning and intelligence, as well as the illiterate, have been known to have had anxiety and serious trouble in mastering the act of voting on machines. Therefore, no impediment should be placed in the way of any voter. No disadvantage to the voter who desires to vote for Republican, Prohibition, Socialist or other candidates with the Democratic knob or lever unlocked has been advanced or suggested, nor can there be any, in the opinion of the court.

All political parties have their party column or row and the names of party candidates are placed and arranged as directed by statute. The blank space (9-A) in the first or Democratic column or row on the machines in question is the result of that party naming but one candidate for the office of justice of the Supreme Court.

The court finds no statutory requirement that the knob or lever should be locked, and in the absence of such provision none may be read into the law. The court is of the opinion that in the interests of fairness and justice the recording of the will of voters desiring to vote for candidates whose names may appear on a voting machine below in any perpendicular or vertical column, and to the right in any horizontal row, of the blank space in question, will best be protected by keeping the knob or lever unlocked, thereby making the operation of voting less confusing. It will not disfranchise any one, but on the other hand, will permit the free exercise of the voter's right of selection of candidates. This applies particularly to voters of advanced years, the infirm, those of poor or failing eyesight, or other afflictions.

Section 249 of the Election Law (as amd. by Laws of 1924, chap. 443) requires: " After the last candidate's name at the right in any horizontal row, or below the last candidate's name in any vertical column, the knob or knobs, if there be any, under or opposite the title or titles of any office or offices shall be locked; and all knobs shall be locked in any row or column which contains no names of candidates."

It requires no wealth of reasoning to anticipate a voter finding

a knob or lever locked, such as appears in this proceeding, to reach the conclusion that all knobs or levers below the one in question, or to the right thereof, are likewise locked as to voting for other candidates in that column or row. This being so, the obvious result would be that many voters might be deceived and not permitted to vote for all of the candidates of their choice. The court is of the opinion that the voter's right of expression is paramount and should be unhampered and no obstacle should be put in the way of the casting of a vote as the voter wishes it to be done. The locking of the knob or lever would be an obstacle, which is contrary to the plain purpose and intent of the law, namely, to make voting as easy as possible.

The prayer of the petitioner is granted and an order may be prepared and entered in accordance with this opinion. So ordered.